IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRYSTAL NEAL, an individual,

    Plaintiff,

                                                                                             No. 2:18-cv-00696-GJF-KRS

v.

H8H LLC d/b/a HARD 8 HAULING LLC;
WAL-MART, INC.; NATHON DOE; JOHN
and JANE DOES I-X; BLACK and
WHITE CORPORATIONS I-X;
ABC PARTNERSHIPS I-X; and
ABC ORGANIZATIONS I-X,

    Defendants.

## ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED OR REMANDED

**THIS MATTER** comes before the Court *sua sponte*. On June 5, 2018, Plaintiff Crystal Neal commenced the instant action in state court. (Doc. 1-2, Compl.). According to her complaint, on June 16, 2015, Ms. Neal, at the time a passenger in a white SUV stopped at an intersection waiting to make a left-hand turn, was struck by a commercial vehicle as the commercial vehicle made "a radical right hand turn[.]" (*Id.*, ¶¶7-8). After tearing into the SUV and dragging it, the driver attempted to flee the scene. (*Id.*, ¶¶9-10). Ms. Neal, however, chased down and stopped the individual. (*Id.*). Ms. Neal alleges the driver, Nathan "Doe" was negligent, the company that employed him is vicariously liable for his negligence, and the company that hired him negligently entrusted the commercial vehicle to him. (*Id.*, ¶¶ 16-31).

Despite the straightforward facts and legal claims, Ms. Neal named numerous defendants, including H8H, LLC, doing business as Hard 8 Hauling, LLC, Wal-Mart, Inc., Nathan Doe, John and Jane Does I-X, Black and White Corporations I-X, ABC Partnerships I-X, and ABC

Organizations I-X. (Doc. 1-2). Summonses were issued by the state court for Wal-Mart and H8H, LLC. (Doc. 1-3) The record, however, contains only one return of service—for Wal-Mart. Defendant Walmart Transportation Services, LLC subsequently removed the case to this Court. (Doc. 1). Although not named in the complaint, Walmart Transportation asserts it is the true party in interest and Ms. Neal incorrectly sued Wal-Mart, Inc.

In its notice of removal, Walmart Transportation avers it is "a Delaware Limited Liability Company." (Doc. 1). Walmart Transportation also asserts that the amount in controversy exceeds $75,000 because Ms. Neal seeks punitive damages and, as a result of the accident, allegedly suffers from debilitating injuries, pain, mental anguish, disfigurement, loss of enjoyment of life, lost income, and other economic loss including past and future medical bills. (*Id.*). In its filing, Walmart Transportation identified Defendant Nathon "Doe" as Nathon Charest, a resident of Texas, who also owned and operated H8H, LLC at the time of the accident. (*Id.*). H8H, LLC is alleged to be a Texas limited liability company. (*Id.*)

After reviewing the record, including the complaint and notice of removal, the Court concludes that there are a number of deficiencies the parties need to address. On Ms. Neal's side, it is unclear what role the fictitious defendants played and could have played in causing the accident, why they could not be identified, and why they have not been served. The complaint also does not appear to assert any claim against any fictitious defendant. It is also evident that the complaint, as written, names parties incorrectly or incompletely and should be amended. The Court will give Ms. Neal a chance to correct these deficiencies.

On Walmart Transportation's side, the notice of removal does not provide sufficient information for the Court to determine whether diversity jurisdiction, in fact, exists. The citizenship of a limited liability company is determined by reference to its members. Unlike

corporations, they are treated as citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Walmart Transportation did not disclose the citizenship of its members or those of H8H.

Additionally, Walmart does not provide a factual predicate for the Court to determine whether the amount in controversy satisfied. *See McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008) (the party invoking federal jurisdiction has the burden to establish both the diversity-of-citizenship and amount-in-controversy requirements are satisfied). The Court is cognizant of the fact that New Mexico courts do not require, or even permit, complaints to state a sum certain, other than confirming the amount sought exceeds $25,000, which makes establishing the federal jurisdictional threshold all the more difficult. But here, Walmart simply recites the category of damages Ms. Neal seeks. Although the types of damages sought provide a starting point, broad categories do not assist the Court in determining whether this matter was appropriately removed. For example, Ms. Neal's complaint alleged that after the accident, she "ran down" the driver because he failed to stop. It is, therefore, not clear that the value of damages are greater than $75,000 where Ms. Neal had the physical ability after being struck to chase and stop the alleged primary tortfeasor.

Federal courts are of limited jurisdiction. As such, the Court must strictly construe the removal statute and, as a general matter, resolve all doubts against removal. *See Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). In light of the information the parties have presented to the Court, the Court is unable to determine whether exercising subject matter jurisdiction is appropriate. Before contemplating remand, however, the Court will give Walmart Transportation an opportunity to present a factual predicate for its conclusion that the matter

exceeds the jurisdictional amount in controversy requirement as well as provide information on the citizenship of the various members of the limited liabilities involved.

**IT IS, THEREFORE, ORDERED** that Plaintiff show cause in writing on or before **August 15, 2018** why the claims against the fictitious entities named by Plaintiff as defendants, and the claims against the incorrectly identified defendants, should not be dismissed. As an alternative to responding to the Order to Show Cause, on or before **August 15, 2018**, Plaintiff may file a motion to amended her complaint to dismiss the fictitious defendants, or to identify them and set forth a cause of action against each named defendant, and to correctly identify the defendants she has incorrectly identified.

**IT IS FURTHER ORDERED** that Defendant Walmart Transportation show cause in writing on or before **August 15, 2018** why the matter should not be remanded to the state court where it originated for want of diversity jurisdiction.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE